IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Thomas Goggin, individually and as Personal Representative of the Estate of Karen Marie Goggin,<br><br>    Plaintiff,<br><br>v.<br><br>Blythe Construction Inc., Zachry Construction Corp., Johnson Mirmiran and Thompson Inc., Cowan Systems LLC, and John Allen Ferguson,<br><br>    Defendants. | C/A No. 7:21-cv-03157-DCC<br>C/A No. 7:21-cv-03158-DCC<br><br>**OPINION AND ORDER** |

This matter is before the Court on Defendant Johnson Mirmiran and Thompson Inc.'s ("JMT") Motion to Strike; Defendant Blythe Construction Inc.'s ("Blythe") Motion to Dismiss; and Defendant Zachry Construction Corporation's ("Zachry") Motion to Dismiss. ECF Nos. 5, 16, 18. Plaintiff filed Responses in Opposition, and Defendants filed Replies. ECF Nos. 23, 24, 25, 27, 28. For the reasons set forth below, the Motions are denied.

## **BACKGROUND**

This case arises out of a multi-vehicle traffic accident that occurred on July 15, 2021, on Interstate 85 ("I-85"), near mile marker 90, in Cherokee County, South Carolina. ECF No. 1 at 1. Plaintiff Thomas Goggin ("Thomas") was driving a 2014 Ford Escape, in which his wife, Karen Marie Goggin ("Karen"), was a passenger, when traffic on I-85 came to a stop. *Id.* at 1, 6. Thomas stopped his vehicle behind the line of traffic, but Defendant John Allen Ferguson, who was driving a commercial truck for Defendant Cowan Systems

LLC ("Cowan"), failed to stop and crashed into the rear of Thomas's vehicle at approximately 60 miles per hour. *Id.* at 5–6. As a result of the accident, Thomas sustained serious bodily injury, and Karen suffered serious injuries which proved fatal. *Id.* at 7, 10.

In the Complaint, Thomas alleges that Blythe and Zachry, as joint venturers, entered into a contract ("the Joint Venture Agreement") with the South Carolina Department of Transportation ("SCDOT") to provide certain services necessary for the reconstruction and widening of I-85 from approximate mile marker 77 to approximate mile marker 98 in Cherokee and Spartanburg Counties. *Id.* at 3. In furtherance of its contractual obligations, the Blythe/Zachry joint venture engaged JMT to prepare the traffic management plan, and Blythe/Zachry and JMT decided to control traffic in the construction area by funneling southbound through traffic into the leftmost lane on I-85 South. *Id.* 4–5. To do so, they created a "chute," comprised of concrete barriers, on both sides of the leftmost lane. *Id.* at 5. They used signage restricting the use of the "chute" to cars and light trucks only and prohibiting commercial vehicles from using the "chute." *Id.* Thomas claims that as a result of the configuration of the "chute," emergency personnel were unable to quickly extract Karen from the vehicle, thus preventing her from receiving immediate medical treatment. *Id.* at 7.

Thomas filed two actions in this Court, one to recover damages for his own injuries and the other to recover damages for Karen's injuries and resulting death, alleging negligence claims against Blythe, Zachry, Cowan, and Ferguson in both actions, and alleging additional claims for survival and wrongful death as personal representative of Karen's estate. *Id.* at 7–10, 7–11. On November 19, 2021, JMT filed identical Motions

to Strike the Complaint in both actions.  ECF No. 5.  On November 29, 2021, Blythe and Zachry filed identical Motions to Dismiss in both actions.[1]  ECF Nos. 16, 18.  Thomas filed Responses in Opposition to the Motions, and Defendants filed Replies.  ECF Nos. 23, 24, 25, 27, 28.  The Motions are now before the Court.

## **APPLICABLE LAW**

### A.  Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . .  Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted).  In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).  However, while the Court must accept the facts in a light most favorable to the nonmoving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id*.

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint must state "enough facts to state a claim to relief that is plausible

---

[1] For ease of reference, one set of ECF numbers is cited because the Motions in both cases are identical.

on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## B. Federal Rule of Civil Procedure 12(f)

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" either on its own or on motion made by a part "before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f). "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A A. Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380, 647 (2d ed. 1990)).

## DISCUSSION

### I. JMT's Motion to Strike

JMT requests that the Court strike certain portions of Thomas's Complaint as redundant, immaterial, impertinent, or scandalous pursuant to Federal Rules of Civil Procedure 8 and 12(f). ECF No. 5. Specifically, JMT argues that Thomas's 219-page Complaint is not a short and plain statement and that certain portions of the Complaint, as well as Exhibits A and B attached to the Complaint, are not relevant to Thomas's claims and requests for relief. *Id.* at 4–8.

4

The Fourth Circuit Court of Appeals has noted that Rule 12(f) motions are generally viewed with disfavor "because striking a portion of the pleading is a drastic remedy . . . ." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotations and citations omitted). "When reviewing a motion to strike, 'the court must view the pleading under attack in a light most favorable to the pleader.'" *Holland v. Beaufort Cnty.*, C.A. No. 9:20-CV-03479-DCN-MHC, 2021 WL 5991790, at *1 (D.S.C. Jan. 13, 2021) (quoting *Piontek v. Serv. Ctrs. Corp.*, 2010 WL 4449419, at *3 (D. Md. Nov. 5, 2010)). Having considered the arguments and submissions of the parties, the Court finds that the last sentence in Paragraph 10 of Thomas's Complaint containing the price of the contract entered between Blythe, Zachry, and SCDOT must be struck because it is immaterial to the claims raised in this case. In addition, to the extent that the documents in Exhibits A and B are highlighted, the Court finds that Thomas must resubmit those exhibits without highlighting if the highlighted portions were not highlighted in the original documents. The Court denies JMT's remaining requests to strike.

## II. Blythe and Zachry's Motions to Dismiss

Blythe and Zachry argue that Thomas's Complaint should be dismissed for failure to state a claim because the suit was brought against them in their individual capacities rather than against their joint venture. ECF Nos. 16-1 at 2; 18-1 at 2. Specifically, they contend that because the joint venture, and not the companies individually, controlled the construction project site, the joint venture is the correct defendant to be named in this case. ECF Nos. 16-1 at 3; 18-1 at 3. Blythe and Zachry concede that Thomas has stated a claim for relief against the joint venture.[2]  *Id.*  Instead, because Thomas has not named

---

[2] Blythe and Zachry's Motions to Dismiss do not make any arguments regarding Plaintiff's specific claims against them.

5

the joint venture as a defendant, Blythe and Zachry argue Thomas has failed to state a plausible claim against them. ECF Nos. 16-1 at 4; 18-1 at 4. They further note that the joint venture has all of the documents and information pertaining to the construction project at issue in this case and is therefore in a better position to respond to discovery requests. *Id.* Thus, Blythe and Zachry request the Court to dismiss the actions against them, or in the alternative, substitute the joint venture as the defendant. ECF Nos. 16-1 at 5; 18-1 at 5.

In contrast, Thomas challenges Blythe and Zachry's request for dismissal because it is undisputed from the Complaint and the Joint Venture Agreement that they are members of the joint venture and, therefore, are jointly and severally liable for the torts of the joint venture. ECF No. 24 at 1 (citing *Matter of Fox*, 490 S.E.2d 265 (S.C. 1997) and *Tiger, Inc. v. Fisher Agro, Inc.*, 391 S.E.2d 538 (S.C. 1989) for the proposition that members of a joint venture are governed by partnership law). As a result, Thomas argues that because they are members of the joint venture, they are individually liable for the negligence chargeable to the joint venture. *Id.* at 2 (citing S.C. Code Ann. § 33-41-370 ("[A]ll partners are liable jointly and severally for everything chargeable to the partnership.")). Therefore, Thomas contends their Motions to Dismiss should be denied. *Id.*

Having considered the arguments and submissions of the parties, the Court finds Thomas has properly named Blythe and Zachry as defendants in this case, even though the conduct for which they are being sued arises from the services they provided as a joint venture. Under South Carolina law, a plaintiff is not required to name a joint venture as a defendant in a lawsuit. In fact, contrary to Blythe and Zachry's argument, a joint

venture cannot be sued in name alone. *See Matter of Fox*, 490 S.E.2d 265, 270 (S.C. 1997) ("[R]elations among joint venturers are governed by partnership law."); *Marvil Props. v. Fripp Island Dev. Corp.*, 258 S.E.2d 106, 106–07 (S.C. 1979) ("South Carolina has long adopted the rule that a partnership is not such a legal entity as to authorize it to sue or be sued as such . . . and no decision of this Court has been found, or cited, to sustain the conclusion that a partnership may sue or be sued in the partnership name alone." (internal citations omitted)); *White v. Jackson*, 166 S.E.2d 211, 214 (S.C. 1969) ("[A] partnership debt is a joint debt . . . and an action thereon must be joint, and all the partners must be joined as parties in an action upon such obligation. Failure to do so results in a defect of necessary parties."); *see also Martin & Cornwall v. Kelly*, 25 S.C. L. 215, 217 (S.C. Ct. App. 1840) ("If the names of all the partners are properly set out, it cannot be necessary to add that they are partners, trading under a particular name, or firm."). Accordingly, Blythe and Zachry's Motions to Dismiss are denied.

## CONCLUSION

For the reasons set forth above, Defendant Johnson Mirmiran and Thompson Inc.'s Motion to Strike [5] is **GRANTED IN PART AND DENIED IN PART** as set out. Defendant Blythe Construction Inc.'s Motion to Dismiss [16] and Defendant Zachry Construction Corporation's Motion to Dismiss [18] are **DENIED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

May 31, 2022
Spartanburg, South Carolina

7